NO. 07-02-0478-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 15, 2005



______________________________




CONSECO FINANCE SERVICING CORP. F/K/A, 


GREEN TREE FINANCIAL SERVICING CORPORATION, APPELLANT



V.



ELIPIDIO CABRERA, HERIBERTHA CABRERA AND


ALL UNKNOWN OCCUPANTS, APPELLEES




_________________________________



FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;



NO. 7736; HONORABLE GORDON H. GREEN, JUDGE



_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.


OPINION


 Presenting one issue, Conseco Finance Servicing Corporation f/k/a Green Tree
Financial Servicing Corporation (Conseco) contends the trial court erred by denying
Conseco possession of a manufactured home which secured the contract. Based on the
following rationale, we affirm. 

 On April 2, 1998, Elipidio Cabrera and Heribertha Cabrera signed a Manufactured
Home Retail Installment Contract and Security Agreement in the principal amount of
$21,426.85 to purchase a 1998 Clayton Manufactured Home. Upon default in the payment
of monthly installments per the contract, Conseco filed suit on the contract seeking
foreclosure of its security interest and attorney's fees. When the Cabreras did not file an
answer or appear, Conseco filed a written motion for default judgment for the balance
owing per the contract and attorney's fees. In addition, by paragraph six of its motion,
Conseco requested the following: 

 this Court order the Sheriff or Constable of the County where that certain
1998 Clayton Manufactured Home; Serial No. CBH005584TX (the
"manufactured home") is located to attach the Manufactured Home and
deliver possession of the Manufactured Home to Conseco with any
subsequent sale of the Manufactured Home to be applied to the judgment or
alternatively, that the Sheriff or Constable of the County where the
Manufactured Home is located, attach the Manufactured Home, sell it and
apply any proceeds to Conseco's judgment.


(Emphasis added). (1) The trial court signed the default judgment submitted by counsel for
Conseco on August 30, 2002, that, among other things, recited that Conseco was allowed
such writs and processes as may be necessary to the enforcement and collection of the
judgment. However the trial court did not award Conseco any attorney's fees and costs as
to the Unknown Occupant(s) and declined to expressly order that the Sheriff or Constable
attach the manufactured home and deliver it to Conseco. A reporter's record has not been
provided. (2)

 By its sole issue, Conseco contends the trial court erred by denying it possession
of the manufactured home which secures the contract. We disagree.

 We commence our analysis by noting that Conseco decided to proceed via judicial
foreclosure as authorized by section 9.601 of the Business and Commerce Code as
opposed to proceeding with nonjudicial enforcement proceedings authorized by the
contract and section 9.609. See Tex. Bus. & Com. Code Ann. §§ 9.601(a)(1), 9.609
(Vernon 2002). Although Conseco's pleadings sought an attachment of the manufactured
home, because it did not file an application for the issuance of a writ of attachment and
order per Rule 592 of the Rules of Civil Procedure or offer to provide a bond as required
by Rule 592a and section 61.023 of the Civil Practice and Remedies Code, Conseco was
not entitled to a writ of attachment. (3) See Tex. Civ. Prac. & Rem. Code Ann. § 61.023
(Vernon 1997). However, having reduced its claim to judgment as authorized by section 
9.601(e) of the Business and Commerce Code, Conseco is entitled to request that the clerk
issue an execution per Rules 621 and 631 of the Rules of Civil Procedure for the sale of
the manufactured home as opposed to a writ of attachment. See Tex. Bus. & Com. Code
Ann. § 9.601(e). 

 Moreover, page two of the judgment provides in part: 

 THE COURT FURTHER FINDS that Plaintiff is entitled to possession
of the Manufactured Home which is the subject of this suit with the proceeds
from the sale of the Manufactured Home to be applied to the Judgment
Amount.


Then, on page three, the judgment concludes:


 Plaintiff is allowed such writs and processes as may be necessary in
the enforcement and collection of this judgment.


In addition to its right to request the clerk to issue an execution, as the owner of the
judgment, Conseco is entitled to seek the court's assistance to obtain satisfaction on the
judgment as authorized by section 31.002 of the Civil Practice and Remedies Code
Annotated. See Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (Vernon Supp. 2004-05). 
Conseco's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice 
1. From the record, it appears that appellant's counsel prepared the proposed judgment and mailed it
to the trial court. As material here, Conseco proposed that the judgment also provide:


 It is further ordered, adjudged and decreed that the Sheriff or Constable of the
County where that certain 1998 Clayton Manufactured Home; Serial No. CBH005584TX (the
"Manufactured Home") is located shall attach the Manufactured Home and take any and all
steps necessary to deliver possession of the Manufactured Home to Conseco with the
proceeds from any subsequent sale of the Manufactured Home to be applied to the judgment
or alternatively, that the Sheriff or Constable of the County where the Manufactured Home
is located, attach the Manufactured Home, sell it, and apply the proceeds to Conseco's
judgment. 


However, the trial court struck the requested provision.
2. Because the judgment was rendered as a default, we assume that no evidence, argument, or
objections were made when the motion for default judgment was considered by the trial court.
3. Conseco's motion did not seek an order of sale as authorized by Rule 309 of the Rules of Civil
Procedure.